**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REAL CLEAR INVESTIGATIONS, LLC | ) | |
| 251 Little Falls Drive | ) | |
| Wilmington, DE 19808 | ) | |
| | ) | |
| and | ) | Civil Action No. 20-1422 |
| | ) | |
| ERIC FELTEN | ) | |
| 5404 Cathedral Ave NW, | ) | |
| Washington, DC 20016 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF STATE | ) | |
| 2201 C Street NW | ) | |
| Washington, DC 20520 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs allege as follows, against Defendant United States Department of State ("State"):

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for improper withholding of agency records.

2) Plaintiffs seek to compel production under an April 3, 2019 FOIA request from Eric Felten seeking any and all memos produced by Christopher Steele, and any State Department policy paper or internal memo that references Steele or his memos.

3) Steele is best known for the Steele dossier, also known as the Trump–Russia dossier. The Steele dossier is one the most highly publicized documents held by the State

Department, and a document that *The Guardian* has described it as "one of the most explosive documents in modern political history."[1]

4)  These records are central to matters of timely, current political and legal deliberation, of great public interest and policy and legal significance.

5)  Mr. Felten, a journalist, has written repeatedly about subjects related to the requested records.[2]

6)  State has failed to provide plaintiff with either the records requested, or the determination in response to plaintiff's FOIA request mandated by 5 U.S.C. § 552(a)(6)(A)(i). That provision requires an agency to provide a determination of the number of responsive records it intends to release or withhold within 20 working days after receiving the request. As the D.C. Circuit has explained, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions" within that statutory deadline of 20 working days. (*CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013)).

---

[1] Julian Borger, *The Trump–Russia dossier: why its findings grow more significant by the day,* The Guardian, October 7, 2017 (https://www.theguardian.com/us-news/2017/oct/07/trump-russia-steele-dossier-moscow).

[2] *See, e.g.*, Eric Felten, *Buried in IG Report: How an FBI Team Gave Steele Highly Guarded Secrets*, RealClearInvestigations, February 14, 2020, www.realclearinvestigations.com/articles/2020/02/13/buried_in_ig_report_fbi_gave_steele_highly_protected_secrets_122394.html; Eric Felten, *Victoria Nuland Tells All on Steele Dossier...Not*, RealClearInvestigations, August 12, 2019, www.realclearinvestigations.com/articles/2019/08/12/victoria_nuland_tells_all_on_trump-russia__not_119932.html; Eric Felten, *FBI's Man in Europe Undercut Ohr′s Claim of Limited Russiagate Role*, RealClearInvestigations, May 12, 2020, www.realclearinvestigations.com/articles/2020/05/12/fbi_man_in_europe_undercut_ohrs_claim_of_limited_russiagate_role_123578.html.

7) That deadline passed more than a year ago, yet State still has provided no determination about what records will be produced, nor has it produced any records in response to plaintiff's request.

8) Defendant's failure to provide any such determination, despite the passage of over a year, has left plaintiff no choice but to file this lawsuit to compel State to comply with the law.

## PARTIES

9) Plaintiff Real Clear Investigations, LLC is incorporated in the state of Delaware and devoted to investigative journalism, transparency and open government. It uses freedom of information laws to shed light on the operations of government, including outside influences on government policymaking. It operates RealClearInvestigations, and is supported by a non-profit 501(c)(3) tax-exempt foundation, the RealClearFoundation. RealClear web sites draw millions of unique visitors in a typical month.

10) Eric Felten is a journalist and author who resides in the District of Columbia. He is a correspondent for RealClearInvestigations. He is also a columnist for the Washington Examiner, and previously was a columnist for the Wall Street Journal and a senior writer and managing editor at the Washington Examiner. He has also worked for the Voice of America and other media entities.

11) Defendant State Department is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

12) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

13) Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the records are located in Washington, D.C., and defendant State is a federal agency.

## FACTUAL AND STATUTORY BACKGROUND

14) On April 3, 2019, plaintiff submitted the FOIA request described above to State. Plaintiff requested expedited treatment on the basis of its status as a media outlet.

15) On April 16, 2019, State acknowledged receiving the FOIA request on April 4, and granted a FOIA fee waiver based on Felten's status as a media requester. It assigned the FOIA request tracking number F-2019-04860, and acknowledged that the request sought "any and all Steele-produced memos, and also any State Department policy paper or internal memo that references Steele or references Steele's memos."

16) But State denied plaintiff's request for expedited processing. It stated that the request did not qualify for any of the alternative grounds for expedited processing, such as being "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity."

17) Plaintiff Felten appealed the denial of expedited processing on May 16, 2019.

18) As he explained in his appeal, "The information I am seeking is urgently and crucially needed for me—an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal government activity—to inform the public in general about crucial Federal government activities. State Department officials claimed that the memos Steele provided to the department in the years before the 2016 election contributed to their assessment of the document known as the 'dossier.' And yet no one outside of government has seen any of these memos. It is imperative that those memos be found and made available to the public as quickly as possible so that an informed electorate can make their own judgment of the memos."

4

19) The appeal was accompanied by an April 30, 2019 letter from RealClearInvestigations editor Tom Kuntz, confirming that Mr. Felten was affiliated with "RealClearInvestigations, a web site of RealClearPolitics and the RealClearMedia Group, and that he has a compelling need for an expedited response to the request…regarding documents that Christopher Steele provided to the State Department. The information is urgently needed because Mr. Felten is an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity. Mr. Felten's and RealClearInvestigations' primary activity involves publishing or otherwise disseminating information to the public in general, not just to a particular segment or group."

20) State rejected that administrative appeal on August 13, 2019. It stated that the request did not qualify for any of the alternative grounds for expedited processing, such as being "urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." It also stated that this "exhausts all administrative remedies available to you…you have the right to seek judicial review of this determination under 5 U.S.C. Section 552(a)(4)."

21) Accordingly, plaintiff has exhausted all of its administrative remedies and can sue over the denial of its request for expedited processing.

22) On April 16, 2019, State also indicated that it would take extra time to respond to plaintiff's FOIA request, citing "unusual circumstances" requiring a delay. The FOIA statute allows an agency to take additional days to respond to a FOIA request – usually, "ten days" – if it provides the requester with "the date on which a determination is expected to be dispatched." (5 U.S.C. § 552(a)(6)(B)(i)).

23)  State did not provide the date on which it expected a determination to be dispatched. It stated only that it expected to take "beyond the additional ten days provided by the statute."

24) Thus, State did not comply with the requirements for extending the deadline to respond to plaintiff's FOIA request.

25) Accordingly, the deadline for State to issue a determination remained 20 working days after plaintiff's request, a deadline that passed by May 3, 2019.

26) Due to State's failure to comply with the statutory deadline, plaintiff has exhausted administrative remedies, and can now sue.[3]

27) FOIA provides that a requester is "deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions." 5 U.S.C. § 552(a)(6)(C)(i).

28) Plaintiff had no obligation to appeal State's invalid grant to itself of an extension. This is especially true because State did not inform plaintiff of his right to appeal the extension. An agency decision need not be administratively appealed, when the agency does not inform the requester of its right to appeal, and how to appeal the decision.[4] This is so even for agency decisions that would otherwise have to be appealed administratively.

29) Since FOIA's deadline was not validly extended, State was required to issue a determination within 20 working days. (See 5 U.S.C. § 552(a)(6)(A)(i)). Within that

---

[3] *See CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2016) (holding that "if an agency does not adhere to certain statutory timelines in responding to a FOIA request, the requester is deemed by statute to have fulfilled the exhaustion requirement").

[4] *See Ruotolo v. DOJ*, 53 F.3d 4, 9 (2d Cir. 1995); *Oglesby v. U.S. Army,* 920 F.2d 57, 65 (D.C. Cir. 1990); *Lamb v. IRS*, 871 F. Supp. 301, 303 (E.D. Mich. 1994) (agency's failure to inform requester of his right to appeal constitutes failure to comply with statutory time limits, thus permitting lawsuit).

deadline, State was required to "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

30) State did none of those things. Thus, it has improperly withheld agency records.

31) Mr. Felten is a correspondent primarily engaged in disseminating information.

32) He is affiliated with a media entity primarily engaged in disseminating information.

33) Disclosure of the records sought in his FOIA request would inform the public about Federal Government activity.

34) Given the explosive nature of the Steele dossier, records related to him and his memos are of great public interest and urgently newsworthy.[5]

35) The records are of interest to the public in general, not just to a particular segment or group.

36) Records responsive to Mr. Felten's FOIA request in fact exist, as is shown by the fact that some of them have been produced to other FOIA requesters.[6]

---

[5] *See, e.g.,* Julian Borger, *The Trump–Russia dossier: why its findings grow more significant by the day*, The Guardian, October 7, 2017 (https://www.theguardian.com/us-news/2017/oct/07/trump-russia-steele-dossier-moscow) (observing that the Steele dossier is "one of the most explosive documents in modern political history).

[6] *See, e.g., Judicial Watch: Documents Reveal Extensive Relationship Between Dossier Author Steele and Top Obama Officials*, Gloucester City News, Sept. 24, 2019 ("documents obtained by Judicial Watch in a Freedom of Information Act (FOIA) lawsuit show that, from May 2014 to November 2015, Steele filed dozens of reports with his close associate at State, Special Coordinator for Libya Jonathan Winer, who would then pass them to Assistant Secretary of State Victoria Nuland.") (www.gloucestercitynews.net/clearysnotebook/2019/09/judicial-watch-documents-reveal-extensive-relationship-between-dossier-author-steele-and-top-obama-state-department-official.html); see also documents produced to Judicial Watch, at, *e.g.,* pp. 63, 100, 145, found at www.judicialwatch.org/documents/jw-dcnf-v-state-steele-prod-9-00968/ (State Department employees recite receiving memos from Steele).

37) Even if State's invocation of "unusual circumstances" did extend the deadline, it did not justify a delay of over a year, or place plaintiff on notice that it would take over a year to provide the required determination, as opposed to days or weeks.

38) Since State did not comply with FOIA's deadlines, it has waived the right to collect any fees for processing plaintiff's FOIA request.

39) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with *any time limit*' of FOIA" (emphasis added).

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

40) Plaintiff re-alleges paragraphs 1-39 as if fully set out herein.

41) Defendant is improperly withholding agency records.

42) The records are urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity.

43) Plaintiff asks this Court to enter a judgment declaring that:

      a.   Plaintiff is entitled to the records described in its FOIA request, and any attachments thereto;

      b.   State's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

      c.   State has a duty to produce the records responsive to plaintiff's FOIA request;

    d.    State has a duty to produce them on an expedited basis.

    e.    State has a duty to produce them without charging any fees.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

44) Plaintiff re-alleges paragraphs 1-43 as if fully set out herein.

45) Plaintiff is entitled to injunctive relief compelling State to produce the records described in plaintiff's FOIA request, without charging any fees.

46) Plaintiff asks the Court to issue an injunction ordering State to produce to plaintiff, within 10 business days of the date of the order, the records sought in plaintiff's FOIA request described above, and any attachments thereto.

47) Plaintiff asks the Court to order defendant to serve and file a *Vaughn* Index for any records it seeks to withhold as purportedly exempt from disclosure, within 10 business days of the date of the order.

## THIRD CLAIM FOR RELIEF
## Costs And Fees – Injunctive Relief

48) Plaintiff re-allege paragraphs 1-47 as if fully set out herein.

49) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

50) This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 29th day of May, 2020,

_____/s/_____
Hans F. Bader
D.C. Bar No. 466545
hfb138@yahoo.com
1100 Conn. Ave., NW, #625
Washington, DC 20036
(703) 399-6738

Attorney for Plaintiffs