UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
REAL CLEAR INVESTIGATIONS, LLC, et al.)
                                                                    )
      Plaintiffs,                          )
                                                                    )
      v.                                           )   Civil Action No.: 20-1422 (DLF)
                                                                    )
U.S. DEPT. OF STATE,                             )
                                                                    )
      Defendant.                          )
_____ )

## ANSWER

Defendant, the United States Department of State, answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted,

### SECOND DEFENSE

The Complaint should be dismissed in whole or in part to the extent Plaintiffs have failed to exhaust administrative remedies.

In response to the specifically enumerated paragraphs, as set forth in the Complaint, Defendant admits, denies and otherwise avers as follows. All allegations in the Complaint, including relief sought, are denied except when specifically admitted.

1.     Paragraph 1 states the Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent any response is required, the allegations are denied.

2.     Paragraph 2 states the Plaintiffs' characterization of this lawsuit, to which no response is required.  To the extent any response is required, Defendant refers the Court to the

April 3, 2019 Freedom of Information Act ("FOIA") request for a complete and accurate statement of its contents, and otherwise denies the allegations in this paragraph.

      3.    The allegations in paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required, but rather reflect Plaintiffs' purported opinion of Christopher Steel and the so-called Steele dossier.  To the extent a response is required, Defendant states that this paragraph reflects Plaintiffs' purported opinion and, as such, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  To the extent this paragraph purports to quote from a news publication, Defendant refers the Court to that publication for a complete and accurate statement of its contents but, in doing so, does not admit to the accuracy of any factual assertions contained in that publication.

      4.    The allegations in paragraph 4 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  To the extent a response is required, Defendant states that this paragraph reflects Plaintiffs' purported opinion and, as such, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      5.    The allegations in paragraph 5 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

      6.    Defendant admits that it has not released any records to the Plaintiffs in response to the FOIA request at issue in the Complaint.   The remainder of this paragraph states legal conclusions to which no response is required.

7. Defendant admits that it has not released any records to the Plaintiffs or issued a final response to the FOIA request at issue in the Complaint. The remainder of this paragraph states legal conclusions to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Defendant admits paragraph 11.

12. Paragraph 12 states a legal conclusion with respect to the Court's jurisdiction to which no response is required.

13. Paragraph 13 states a legal conclusion with respect to venue to which no response is required. To the extent any response is required, Defendant admits that venue is proper for actions under FOIA in this judicial district.

14. Defendant admits that it received a FOIA request from Plaintiff Eric Felten, who stated in the request that he "represent[s] Real Clear Investigations," dated April 3, 2019, and that the FOIA request included a request for expedited processing. In further response, Defendant refers the Court to the referenced request for a complete and accurate statement of its contents and denies the allegations in this paragraph to the extent inconsistent with the content of the request.

15. Defendant admits that it sent a letter to Plaintiff Eric Felten on April 16, 2019, acknowledging the FOIA request and assigning it tracking number F-2019-04860, and refers the

Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that letter.

16. Defendant admits that it denied Plaintiffs' request for expedited processing, and refers to its April 16, 2019, letter for a complete and accurate statement of its contents.

17. Defendant admits that it received an administrative appeal of the Department's denial of expedited processing decision from Plaintiff Eric Felten dated May 16, 2019.

18. Paragraph 18 consists of a description and characterization of Plaintiff Felten's May 16, 2019 appeal letter. Defendant refers the Court to that letter for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that letter.

19. Paragraph 19 consists of a description and characterization of an April 30, 2019 letter that accompanied Plaintiff Felten's May 16, 2019 appeal letter. Defendant refers the Court to the April 30, 2019 letter for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that letter.

20. Defendant admits that it denied Plaintiff Feltens administrative appeal in an August 13, 2019 letter, and refers the Court to that letter for a complete and accurate statement of its contents. Defendant denies the allegations in this paragraph to the extent inconsistent with the content of the referenced letter.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

22. The first sentence of paragraph 22 contains Plaintiffs' characterization of Defendants April 16, 2019 acknowledgement letter. Defendant refers the Court to that letter for

a complete and accurate statement of its contents.  The second sentence of paragraph 22 states a legal conclusion to which no response is required.

23. In response to the allegations in this paragraph, Defendant refers the Court to the April 16, 2019 acknowledgment letter for a complete and accurate statement of its contents and denies the allegations to the extent inconsistent with the content of that letter.  To the extent this paragraph implies that the April 16, 2019 letter failed to comply with FOIA, any such allegation is denied.

24-29. These paragraphs assert legal conclusions to which no response is required.  To the extent any response is required, the allegations are denied.

30. The first sentence of this paragraph implies a legal obligation to act in the manner alleged by Plaintiffs, to which no response is required.  To the extent any response is required, the allegation in the first sentence is denied.  The allegation in the second sentence asserts a legal conclusion to which no response is required.  To the extent any response is required, the allegation is denied.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

33. This paragraph asserts a legal conclusion to which no response is required.

34. This paragraph asserts a legal conclusion to which no response is required.

35. This paragraph asserts a legal conclusion to which no response is required.

36. This paragraph reflects Plaintiffs' characterization of information contained in

the cited news publication, not allegations of fact to which a response would be required.  To the extent any response is required, Defendant states that it has not completed its search for and/or review of records potentially responsive to this request and, on that basis, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. This paragraph asserts a legal conclusion to which no response is required.

38. This paragraph asserts a legal conclusion to which no response is required.

39. This paragraph asserts a legal conclusion to which no response is required.

40. Defendant re-asserts its responses to paragraph 1-39 as if fully set forth herein.

41. This paragraph asserts a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

42. This paragraph asserts a legal conclusion to which no response is required.  To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.

43. This paragraph characterizes the relief requested in this action, rather than asserting allegations of fact to which a response would be required.  To the extent any response is required, Defendant denies that Plaintiffs are entitled to the relief they seek.

44. Defendant re-asserts its responses to paragraph 1-43 as if fully set forth herein.

45. This paragraph asserts a legal conclusion to which no response is required.  To the extent any response is required, the allegations are denied.

46. This paragraph characterizes the relief requested in this action, rather than asserting allegations of fact to which a response would be required.  To the extent any response is required, Defendant denies that Plaintiffs are entitled to the relief they seek.

47.     This paragraph characterizes the relief requested in this action, rather than asserting allegations of fact to which a response would be required. To the extent any response is required, Defendant denies that Plaintiffs are entitled to the relief they seek.

48.     Defendant re-asserts its responses to paragraph 1-47 as if fully set forth herein.

49.     This paragraph asserts a legal conclusion to which no response is required.

50.     This paragraph asserts a legal conclusion to which no response is required. To the extent any response is required, the allegations are denied.

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

<div style="margin-left: 3em;">

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By:      /s/
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

</div>